**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-CV-23609-FAM**

---

**BANK OF AMERICA, N.A.,**

**Appellant/Secured Creditor,**

**vs.**

**GENNY MARINO RODRIGUEZ,**

**Appellee/Debtor**

---

**APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 12-12043-BKC-AJC**

---

**INITIAL BRIEF OF APPELLANT/SECURED CREDITOR, BANK OF AMERICA, N.A.**

---

Laudy Luna Perez (FBN 044544)
Email: llp@lgplaw.com
Dora F. Kaufman (FBN 0771244)
Email: dfk@lgplaw.com
Jessica B. Reyes (FBN 56894)
Email: jbr@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626
*Attorneys for Appellant Bank of America, N.A.*

Docket No. 15-CV-23609-FAM
Bank of America, N.A. v. Genny Marino Rodriguez

## CORPORATE DISCLOSURE STATEMENT

Bank of America, N.A., a national banking association organized under federal banking laws, is a wholly owned subsidiary of BANA Holding Corporation.

BANA Holding Corporation is a wholly owned subsidiary of BAC North America Holding Company.

BAC North America Holding Company is a wholly owned subsidiary of NB Holdings Corporation.

NB Holdings Corporation is a wholly owned subsidiary of Bank of America Corporation.

Bank of America Corporation is a publicly traded corporation, and no publicly traded corporation owns more than 10% of Bank of America Corporation.

## CERTIFICATE OF INTERESTED PERSONS

Counsel for Appellant/Secured Creditor, Bank of America, N.A. certifies that the following may have an interest in the outcome of this appeal:

Bank of America, N.A., Appellant/Secured Creditor

Genny Marino Rodriguez, Appellee/Debtor

Laudy Luna Perez, Esq., Liebler, Gonzalez & Portuondo
Counsel for Bank of America, N.A., Appellant/Secured Creditor

Dora F. Kaufman, Esq., Liebler, Gonzalez & Portuondo
Counsel for Bank of America, N.A., Appellant/Secured Creditor

Jessica B. Reyes, Esq. Liebler, Gonzalez & Portuondo
Counsel for Bank of America, N.A., Appellant/Secured Creditor

Paul N. Contessa, Esq., Paul N. Contessa & Assoc., LLC
Counsel for Appellee/Debtor Genny Marino Rodriguez in Case No. 12-12043-BKC-AJC

James Moon, Esq., Meland Russin & Budwick
Counsel for Appellee/Debtor Genny Marino Rodriguez in Case No. 12-12043-BKC-AJC

Marcia T. Dunn, Chapter 7 Bankruptcy Trustee for the Estate of Genny Marino Rodriguez

## TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ...................................................................C-1 of 1

CERTIFICATE OF INTERESTED PERSONS ...............................................................C-1 of 1

TABLE OF CITATIONS ...................................................................................................... ii

STATEMENT AS TO APPELLATE JURISDICTION..................................................... 1

STATEMENT OF THE ISSUES AND STANDARD OF REVIEW ........................... 2

STATEMENT OF THE CASE............................................................................................ 4

SUMMARY OF ARGUMENT ........................................................................................... 8

ARGUMENT ......................................................................................................................... 9

      I.      The Orders Improperly Shift the Mandatory Duties Imposed on the Debtor Under 11 U.S.C. § 521 to Secured Creditor Bank of America...............................9

      II.     The Bankruptcy Court's Finding that Compelling Surrender as a Result of the Debtor's Failure to Reaffirm is "Unconstitutional, Inequitable and Unjust" Directly Contradicts the Eleventh Circuit Court's Ruling in *In re Taylor* and Constitutes Reversible Error......................................................11

      III.    The Orders Erroneously Conclude that Bank of America Could Have Sought to Compel the Debtor to Execute a Reaffirmation Agreement .................15

      IV.    The Orders Mistakenly Find that Bank of America Should Have Sought Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(h) to Remedy Debtor's Failure to Comply with 11 U.S.C. § 521 .................................................17

CONCLUSION..................................................................................................................... 20

APPELLANT'S REQUEST FOR ORAL ARGUMENT.............................................. 20

CERTIFICATE OF SERVICE ......................................................................................... 20

## TABLE OF CITATIONS

**CASES:**                                                          **PAGE(S)**

*Bank of Boston v. Burr*,
   160 F. 3d 843 (1st Cir. 1998) ................................................................... 9

*Failla v. Citibank, N.A.*,
   2015 U.S. Dist. LEXIS 157832 (S.D. Fla. November 23, 2015) ........................ 12-13

*In re Bergmann*,
   Case No. 8:15-bk-02020-MGW ............................................................... 12

*In re Burnett*,
   Case No. 13-12274-MGW ....................................................................... 12

*In re Calzadilla*,
   Case No. 14-11318-RAM ........................................................................ 12

*In Re Denise Roberts-Dude*,
   597 F. App'x 615 (11th Cir. 2015) ............................................................ 2

*In re Dolan*,
   2015 Bankr. Lexis 1455 ........................................................................ 12

*In re Failla*,
   529 B.R. 786 (Bankr. S.D. Fla. 2014) ................................................. 12, 13

*In Re Horne*,
   132 Bankr. 661 (Bankr. N.D. 1991) ......................................................... 12

*In re Jones*,
   261 B.R. 479 (Bankr. N.D.Ala. 2001) ............................. 9, 10, 11, 15, 16

*In re Kruger*,
   Case No. 12-20581-LMI .......................................................................... 12

*In re Linderman*,
   435 B.R. 715 (Bankr. M.D. Fla. 2009) ..................................................... 17

*In re Metzler*,
   530 B.R. 894 (Bankr. M.D. Fla. 2015) ..................................................... 12

*In re Montalvo*,
   Case No. 8:13-bk-02501-MGW ............................................................... 12

*In re Parker*,
363 B.R. 621 (Bankr. M.D. Fla. 2007) .................................................................. 10

*In re Picciano*,
Case No. 11-36787-PGH ........................................................................................ 13

*In re Plummer*,
513 B.R. 135 (Bankr. M.D. Fla. 2014) ............................................................. 12, 13

*In re Steinberg*,
447 B.R. 355 (Bank. S.D. Fla. 2011) ...................................................................... 9

*In re Troutt*,
Case No. 13-19869-EPK .......................................................................................... 12

*In re Trussel*,
2015 Bankr. LEXIS 681 (Bankr. N.D. Fla. 2015) ...................................... 17, 18, 19

*In re: Bartlett*,
case No. 8:10-bk-23758-MWG ........................................................................ 13, 15

*Stewart Title Guar. Co. v. Roberts-Dude*,
497 B.R. 143 (S.D. Fla. 2013) ................................................................................. 2

*Taylor v. AGE Fed. Credit Union*,
3 F.3d 1512 (11th Cir. 1993) ............................................. 9, 10, 11, 12, 14, 15

**STATUTE(S) OR CONSTITUTIONAL PROVISION(S):**

11 U.S.C. § 158 ........................................................................................................ 1
11 U.S.C. § 341 .................................................................................................... 9, 10
11 U.S.C. § 362 ................................................................................................ 7, 8, 17
11 U.S.C. § 521 ........................................ 2, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19
11 U.S.C. § 727 ........................................................................................................ 4
28 U.S.C. § 1334 ...................................................................................................... 1
28 U.S.C. § 157 ........................................................................................................ 1

Fla. Stat. § 222.25 .................................................................................................... 4

## <u>STATEMENT AS TO APPELLATE JURISDICTION</u>

Appellant/Secured Creditor, Bank of America, N.A., respectfully submits that this Court has jurisdiction to hear this appeal pursuant to 11 U.S.C. § 158(a)(1).  The Bankruptcy Court had jurisdiction of the underlying core proceeding, pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O) and 28 U.S.C. § 1334.

## STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

This is an appeal from: (1) the Bankruptcy Court's August 13, 2015 Order (the "Order")
denying the Motion to Reopen Case to Compel Surrender of the Real Property at 9980 Jamaica
Drive, Miami, FL 33189 (the "Motion to Compel") filed by Appellant/Secured Creditor, Bank of
America, N.A. in the Chapter 7 Bankruptcy proceeding of Appellee/Debtor Genny Marino
Rodriguez, Case No. 12-12043-BKC-AJC (the "Bankruptcy Case"); along with (2) the
Bankruptcy Court's September 14, 2015 Order denying Bank of America's Motion for
Rehearing, Reconsideration, to Alter and Amend, and for Additional Relief from the Court's
Order Denying the Motion to Compel (the "Motion for Rehearing").

The issue on appeal is whether an undisputed secured creditor is entitled to compel a
Chapter 7 debtor to surrender non-exempt property where the debtor elected to reaffirm the debt
in her sworn Statement of Intention, and admitted the undisputed debt owing to the creditor in
her bankruptcy schedules, but thereafter failed to execute a reaffirmation agreement or redeem
the property prior to the statutory deadline as required by 11 U.S.C. § 521(a)(2)(B).

The parties agreed to the following three undisputed facts on the record at the June 30,
2015 hearing on the Motion to Compel: 1) the Debtor swore under oath she was going to
reaffirm; 2) she failed to abide by her sworn intention; and 3) she did not elect to surrender the
property in her bankruptcy filings.  The Bankruptcy Court thereafter advised that its ruling would
be based on these facts.  At issue on appeal is the Bankruptcy Court's application of a legal
standard (*i.e.*, 11 U.S.C. § 521(a)(2)(B)) to these undisputed facts, which calls for a *de novo*
standard of review on appeal.  *See Stewart Title Guar. Co. v. Roberts-Dude*, 497 B.R. 143 (S.D.
Fla. 2013), *aff'd. sub nom. In Re Denise Roberts-Dude*, 597 F. App'x 615 (11th Cir. 2015).

Appellee Genny Marino Rodriguez will be referred to as the "Debtor."  Appellant, Bank
of America, N.A. will be referred to as "Bank of America."  The August 13, 2015 Order and

2

subsequent September 14, 2015 Order denying rehearing shall sometimes be referred to collectively as "Orders." Other terms will be defined where they appear.   The following designation will also be used:

ECF__ The docket entry number from the Bankruptcy Case

Tr __:__ June 30, 2015 Hearing Transcript, page:line [ECF 35]

## STATEMENT OF THE CASE

On January 26, 2012, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition"). ECF 1. On Schedule "A," the Debtor listed her ownership interest in the real property located at 9980 JAMAICA DRIVE, FL 33189 (the "Property"), which is encumbered by a secured claim in the amount of $236,153.49. ECF 1, p. 8. The Debtor did not list the Property as exempt in Schedule "C" and, as a result, obtained the benefit of Fla. Stat. §222.25(4), Florida's "wildcard" exemption. ECF 1, pp. 13-14 and ECF 11. On Schedule "D," the Debtor listed Bank of America as the secured creditor holding an admitted lien on the Property for $236,153.49. ECF 1, p.15. Bank of America's claim is not listed as contingent, unliquidated or disputed. *Id.* No objections were filed as to Bank of America's lien or claim at any time prior to entry of the discharge order on May 7, 2012. *See* Clerk's Docket in Bankruptcy Case. In her sworn Statement of Intention, the Debtor again listed Bank of America as the secured creditor holding a lien on the Property, and provided notice as to her election to "reaffirm" the debt secured by the Property. ECF 1, p. 37. The Debtor, under penalty of perjury, declared that on January 26, 2012, she reviewed the information contained in her Petition and Schedules and that this information was true and correct. ECF 8. On March 6, 2012, the Trustee issued her report of no distribution of assets and abandoning the estate's interest in the Property. ECF 12.

On May 7, 2012, the Debtor received a discharge under 11 U.S.C. § 727(b) (the "Discharge Order"). ECF 22. Prior to the entry of the Discharge Order, the Debtor did not execute a reaffirmation agreement or redeem the Property, nor is there any indication in the record that the Debtor even attempted to communicate with Bank of America as to a reaffirmation agreement prior to entry of the Discharge Order. Tr. 18-:7-8 and 19:2-3. The Debtor likewise has not executed a reaffirmation agreement, or communicated with Bank of

4

America regarding a reaffirmation agreement, since the entry of the Discharge Order. Tr. 9:16-18.  Meanwhile, the Debtor has retained possession and title to the Property, without having made a payment since 2011.  ECF at ¶¶ 3 and 10.

On September 23, 2013, Bank of America filed a foreclosure action against the Debtor seeking *in rem* relief as to the Property (the "Foreclosure Action").  ECF 25 at ¶11.  The Debtor has vigorously contested the Foreclosure Action by raising affirmative defenses and counterclaims challenging Bank of America's standing to foreclose, contrary to her prior stipulations under oath in the Bankruptcy Case.  The Debtor has also served hundreds of discovery requests and sought multiple depositions directed to standing issues in an effort to thwart proceeding on the merits of the Foreclosure Action while continuing to reside in the Property for free.  ECF 25 at ¶12 and Footnote 3.  Following entry of the Discharge Order, both prior to and after the filing of the Foreclosure Action, Bank of America has attempted to engage in loss mitigation discussions with the Debtor, including offering various loan modifications; however, no agreement has been reached.  ECF 25 at ¶ 12 and Tr. 10:2.

On June 15, 2015, Bank of America filed the Motion to Compel at issue.  ECF 25.  Debtor failed to file any response.  *See* Clerk's Docket in Bankruptcy Case.  The parties were before the Court on June 30, 2015, for a preliminary hearing on the Motion to Compel.  ECF 30.  At the hearing, Debtor's bankruptcy counsel was present and noted his appearance on the record.  Tr. 3:2-3.  However, the Debtor's foreclosure counsel advised the Court that another attorney would appear on behalf of the Debtor.  Tr. 11:20-23.  At the end of the hearing, the Court advised as follows: "[w]ell, I'm allowing Mr. Budwick to file a proposed memorandum decision, but not – but unless he can convince me that an evidentiary hearing is necessary in that memorandum decision, **then we will rule on the facts that are undisputed.  That the debtor,**

5

**one, said they were going to reaffirm, two, they didn't and, three, they didn't say they were going to surrender.  Those are undisputed facts**." Tr. 18:23-25 and 19: 1-5 (emphasis added). At the conclusion of the hearing, the Court asked the parties to submit competing orders in the form of a memorandum opinion by July 10, 2015.  Tr. 19:6.

On July 8, 2015, James C. Moon, Esq., of the Meland Russin & Budwick firm, filed his Notice of Appearance as Special Counsel on behalf of the Debtor.  ECF 33.  On July 10, 2015, the parties submitted their memorandum opinions.  On July 15, 2015, Bank of America filed a Supplemental Memorandum of Law in Further Support of the Motion to Compel (the "Supplemental Memorandum"), considering the new arguments and authority raised for the first time in the Debtor's proposed memorandum opinion.  ECF 34.  On August 13, 2015, the Court entered the Order denying the Motion to Compel based on certain unsupported "facts."  ECF 37. Specifically, the Bankruptcy Court made the following findings in the Order, among other things:

- Bank of America has not established that it ever provided a reaffirmation agreement to the Debtor prior to entry of the Discharge Order, and the Debtor specifically denies that Bank of America ever provided her a reaffirmation agreement to sign (P. 2);

- It is undisputed that, during the course of Debtor's bankruptcy case, Bank of America did not present a reaffirmation agreement to the Debtor while her case was open (P. 4);

- Instead, Bank of America failed to provide a reaffirmation agreement to the Debtor, and failed to compel the Debtor to reaffirm the debt, by a written reaffirmation agreement as to the Property during the pendency of the Debtor's bankruptcy case (P. 4);

- In this case, while Bank of America alleges it has offered various loan modifications to the Debtor post-discharge, Bank of America admits that the time for the Debtor to reaffirm has long since passed (P. 5);

- Bank of America offers no explanation for why it failed to avail itself of its right to obtain an executed reaffirmation agreement from the Debtor during the

6

pendency of the bankruptcy case or failed to attempt to reopen the bankruptcy case until two years into a Foreclosure Action in which it has apparently been frustrated by the defenses asserted by the Debtor (P. 6);

- Instead, Bank of America inexcusably delayed bringing the Motion, and the Debtor is unduly prejudiced by Bank of America's delay (P. 6);

- The remedy set forth in §362(h), the lifting of the automatic stay, is that afforded a failure to "…take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms." (P. 7) (citing 11 U.S.C. 362(h)(1)(B)); and

- Even in a case where the debtor indicates an intent to surrender the property in its petition and then fails to do so, the remedy would be stay relief and not a bar by injunction to defending a foreclosure action which would be unconstitutional, inequitable and unjust (P. 9).

On August 27, 2015, Bank of America filed a Motion for Rehearing as to the August 13, 2015 Order.  ECF 39.  On September 11, 2015, the Bankruptcy Court entered an order denying the Motion for Rehearing (the "September 11th Order"), because "the cases primarily relied upon by the movant are not binding precedent on this Court."   The September 11th Order notes that Bank of America was "overreaching" in an effort to prevent the Debtor from asserting "a valid defense" to the Foreclosure Action.  ECF 41.

On September 24, 2015, Bank of America timely filed the Notice of Appeal.  [ECF 43].

## <u>SUMMARY OF ARGUMENT</u>

The Orders contain manifest errors of law.  First, they improperly shift the statutory duties imposed on the Debtor under 11 U.S.C. § 521 to Bank of America, a secured creditor. Second, the finding that compelling the Debtor to surrender the Property following her failure to timely reaffirm or redeem the Property is "unconstitutional, inequitable and unjust" completely ignores the Eleventh Circuit Court of Appeal's binding precedent that prohibits a debtor's "ride-through" treatment of secured debt in Chapter 7 cases.  Third, the Orders erroneously conclude that Bank of America could have sought to compel the Debtor to execute a reaffirmation agreement after the expiration of the statutory deadline imposed by 11 U.S.C. § 521 (a)(2)(B). Finally, the Orders incorrectly suggest that when a debt is secured by real property and the debtor either fails to redeem or surrender collateral property, the proper remedy for a creditor is to seek relief from the automatic stay pursuant to 11 U.S.C. § 362(h).

## ARGUMENT

I.    **The Orders Improperly Shift the Mandatory Duties Imposed on the Debtor Under 11 U.S.C. § 521 to Secured Creditor Bank of America**

A "Chapter 7 discharge is a benefit that comes with certain costs."  *In re Jones*, 261 B.R. 479, 486 (Bankr. N.D.Ala. 2001) (quoting *Bank of Boston v. Burr* (*In Re Burr*)), 160 F. 3d 843, 848 (1st Cir. 1998)).  In particular, in a Chapter 7 liquidation proceeding, it is well-settled that a debtor may not retain property secured by prepetition debt unless the debtor reaffirms the debt or redeems the property in accordance with 11 U.S.C. § 521(a)(2).  *See Taylor v. AGE Fed. Credit Union* (*In re Taylor*), 3 F.3d 1512, 1516 (11th Cir. 1993); *In re Steinberg*, 447 B.R. 355, 358 (Bank. S.D. Fla. 2011); *In re Linderman*, 435 B.R. 715, 718 (Bankr. M.D. Fla. 2009); *In re Jones*, 261 B.R. at 485.  Section 521 of the Bankruptcy Code, entitled "Debtor's Duties," states in pertinent part:

> **The *debtor* shall—**
>
> **. . . .**
>
> (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—
>
> (A)
> within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, **file with the clerk a statement of his intention with respect to the retention or surrender of such property** and, if applicable, specifying that such property is claimed as exempt, **that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property**; and
>
> (B)
> within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, **perform his intention with respect to such property**, as specified by subparagraph (A) of this paragraph;
>
> [Emphasis added]

In *Taylor*, the Eleventh Circuit interpreted Section 521(a)(2) as providing a Chapter 7 debtor with only three options: surrender, redemption, or reaffirmation.

In addition to requiring a Chapter 7 debtor to make this election in a sworn statement of intention, a plain reading of 11 U.S.C. § 521(a)(2)(B) places the burden of performing the stated intention squarely on the debtor. 11 U.S.C. § 521(a)(2)(B).  Accordingly, whichever election the debtor makes, Section 521(a)(2)(B) requires that the debtor take such action "within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes…." 11 U.S.C. § 521(a)(2)(B).  In *Taylor*, the Eleventh Circuit reasoned that Section 521(a)(2)(B) "indicates that the **debtor must perform** some act with respect to the property within a specified period of time." *In re Taylor*, 3 F.3d at 1516 (emphasis added).  More importantly, these statutory **duties required of the debtor by Section 521 are mandatory**.  *In re Jones*, 261 B.R. 479, 486 (Bankr. N.D. Al. 2001) (citing *In re Taylor*, 3 F.3d at 1516-1517).  "No other meaning can be gained from the precise terms of the statute, and nothing suggests the debtor can simply elect to retain the property and ignore other duties required by §521(2)."  *In re Taylor*, 3 F.3d at 1515 (internal citations omitted).  Section 521, however, does not impose similar duties on a creditor.  *See, e.g., In re Parker*, 363 B.R. 621, 625 (Bankr. M.D. Fla. 2007).  As such, a creditor is not compelled to inquire as to whether debtors have made any progress in performing their stated intentions.  *Id.*

Here, the Debtor opted to retain the Property by electing to reaffirm the debt owed to Bank of America in her Statement of Intention filed on January 26, 2012. ECF 1, p. 37.  The Meeting of Creditors was scheduled for March 5, 2012. ECF 2.  Thus, the deadline for the Debtor to perform some act, consistent with Section 521(a)(2)(B), with respect to her stated intention as to the Property was April 4, 2012.  In complete disregard of this requirement, the

10

Debtor failed to reaffirm the debt before the deadline or to seek an extension of time prior to its expiration.

Notwithstanding the mandatory language of Section 521 and the controlling *Taylor* opinion, the Bankruptcy Court found that it was Bank of America that "failed to provide a reaffirmation agreement to the Debtor."  ECF 37 at 4.  In making this finding, the Bankruptcy Court improperly shifted the burden of complying with Section 521 from the Debtor onto Bank of America.  This has resulted in a manifest error of law as this holding directly contradicts the plain language of Section 521 and the authorities (such as *Taylor* and *Jones*) that have interpreted its application.  Therefore, the Orders should be reversed.

**II.      The Bankruptcy Court's Finding that Compelling Surrender as a Result of the Debtor's Failure to Reaffirm is "Unconstitutional, Inequitable and Unjust" Directly Contradicts the Eleventh Circuit Court's Ruling in *In re Taylor* and Constitutes Reversible Error**

In *Taylor*, the Eleventh Circuit found that with respect to property secured by pre-petition debt, 11 U.S.C. § 521(a) requires that "a debtor shall retain property and reaffirm the debt or, retain the property and redeem, or surrender the property" *Taylor*, 3 F.3d. at 1514.  Thus, if the debtor decides to retain, the debtor must elect whether to redeem or reaffirm.  *Id.* at 1515.  The Eleventh Circuit further held that Section 521 "requires the debtor to 'perform his intention with respect to such property' within a specified period of time."  *Id.* at 1516.  This ruling effectively prohibits a fourth "ride-through" option in the Eleventh Circuit as it would render the other alternatives "nugatory."  *Id.*  The Court reasoned that any other outcome that would allow a "debtor to retain property without reaffirming or redeeming gives the debtor not a 'fresh start' but a 'head start' since the debtor effectively converts his secured obligation from a recourse to a nonrecourse with no downside risk for failing to maintain or insure the lender's collateral."  *Id.*  However, "[s]uch an arrangement is contrary to the language of the [Bankruptcy] Code."  *Id.*

(citing *In Re Horne*, 132 Bankr. 661 (Bankr. N.D. 1991)).

Judges in this district and other Bankruptcy Courts in Florida have consistently followed *Taylor*, holding that Section 521(a)(2) only gives debtors three options when dealing with property of the estate that is secured by pre-petition debt: reaffirm, redeem or surrender.  *See, e.g.*, *In re Failla*, 529 B.R. 786 (Bankr. S.D. Fla. 2014), *aff'd by* 2015 U.S. Dist. LEXIS 157832 (S.D. Fla. November 23, 2015); *In re Dolan*, 2015 Bankr. Lexis 1455; *In re Metzler*, 530 B.R. 894 (Bankr. M.D. Fla. 2015); *In re Plummer*, 513 B.R. 135 (Bankr. M.D. Fla. 2014).[1]  These Courts (as well as Judge Kenneth Marra of this Court in his November 23, 2015 Order affirming the Bankruptcy Court Opinion in *Failla*), in accordance with *Taylor* and its progeny, have also reasoned that "surrender", under the purview of 11 U.S.C. §521, requires debtors to cease any overt action or defense of foreclosure actions.  *Id.*  These same Courts have ruled that in Chapter 7 and 13 cases, where a debtor surrenders her interest in property in her sworn bankruptcy filings but thereafter refuses to do so, the proper recourse for the lender is to compel surrender in the Bankruptcy Court.  *Id.*

Chief Judge Hyman's opinion in the *Failla* case was just affirmed on November 23, 2015, by Judge Kenneth Marra of this Court.  *Failla v. Citibank, N.A.*, 2015 U.S. Dist. LEXIS 157832 (S.D. Fla. November 23, 2015).  In *Failla*, the Bankruptcy Court granted the secured creditor's motion to compel surrender of their home, in accordance with their sworn statement of intention, three years after the entry

---

[1] See also, *In re Burnett*, Case No. 13-12274-MGW, Order Granting Secured Creditor's Motion to Compel Debtor to Surrender Real Property, entered by Judge Williamson, Bankruptcy Court for the Middle District of Florida; *In re Kruger*, Case No. 12-20581-LMI, Order on Motion to Reopen Bankruptcy Case, entered by Judge Isicoff, Bankruptcy Court for the Southern District of Florida; *In re Troutt*, Case No. 13-19869-EPK, Order Granting Motion to Compel and Denying Motion to Vacate, entered by Judge Kimball, Bankruptcy Court for the Southern District of Florida ; *In re Montalvo*, Case No. 8:13-bk-02501-MGW Order on Creditor's Motion to Compel, entered by Judge Williamson, Bankruptcy Court for the Middle District of Florida; *In re Calzadilla*, Case No. 14-11318-RAM, Order Denying Motion to Modify and Interpreting meaning of Surrender in Chapter 13 Plans, entered by Judge Mark, Bankruptcy Court for the Southern District of Florida; *In re Bergmann*, Case No. 8:15-bk-02020-MGW, Order Granting Motion to Compel Surrender of Real Property, entered by Judge Williamson, Bankruptcy Court for the Middle District of Florida.

12

of the discharge order.  In the order compelling the debtors to surrender the property, Judge Hyman held

that the term "surrender" prohibited the debtors from defending against a foreclosure proceeding.  Judge

Marra, affirming this order, reasoned that any other meaning of the term would "be inconsistent with the

debtor's stated intention to surrender the property within the meaning of 11 U.S.C. §521(a)(2).  *Accord*

*Plummer*, 513 B.R. at 143-44." *Failla*, 2015 U.S. Dist. LEXIS at \*9.

Chief Judge Hyman of the Southern District of Florida Bankruptcy Court and Chief

Judge Williamson of the Bankruptcy Court for the Middle District of Florida, have also recently

held in Chapter 7 cases, with facts similar to this case, that where the debtor elects to reaffirm her

debt, but fails to do so within the time provided in 11 U.S.C. § 521(a)(2)(B), the proper recourse

for the lender is to compel surrender.  *See In re Picciano*, Case No. 11-36787-PGH, Order

Granting Motion to Reopen Bankruptcy Case and Compel Surrender of Property, and *In re:*

*Bartlett*, case No. 8:10-bk-23758-MWG, Order Granting in Part and Denying in Part Creditor's

Motion to Re-open Debtor's (sic) Bankruptcy, Compel Surrender of the Property Pursuant to

§521(A)(2)(B) and for Sanctions (the "*Bartlett* Order Reopening Case and Compelling

Surrender").

In *Picciano*, Judge Hyman found that where the Chapter 7 debtors, in their sworn

statement of intentions, elected to reaffirm the debt with respect to the property but then failed to

perform their stated intention, under 11 U.S.C. § 521(a)(2) they are prohibited from retaining the

property without an enforceable reaffirmation agreement or a redemption of the property.  *See*

ECF 39 Exhibit "B" at p. 2.

In *Bartlett* (also a Chapter 7 case), where the debtors failed to comply with their stated

intention to reaffirm the debt, Judge Williamson entered an Order Reopening Case and

Compelling Surrender.  In *Bartlett*, the debtors filed a Chapter 7 petition on September 30, 2010.

ECF 39 Exhibit "B."  The debtors' schedules reflected their interest in the property and identified

13

the creditor as undisputed on Schedule "D." *Id.* The debtors' statement of intention reflected their intention to retain and reaffirm the debt. *Id.* The debtors received their discharge on January 14, 2011, and the bankruptcy case was closed on January 20, 2012. *Id.* The creditor did not seek relief from stay during the pendency of the bankruptcy. Additionally, the creditor waited for over three years from the entry of the discharge to initiate the foreclosure action. *Id.* The Bartletts vigorously defended the foreclosure action by filing several defensive pleadings including a motion to dismiss, one set of interrogatories, request for admissions, request for production of documents, and an answer and affirmative defenses based on (1) payment, (2) standing, (3) equitable defenses and (4) conditions precedent. *Id.* Based on strikingly similar facts to this case, Judge Williamson found there was sufficient cause to reopen the case to compel the debtors to surrender their interest in the property secured by a prepetition debt they had elected to reaffirm but did not. *Id.* Judge Williamson reasoned that debtors "**constructively surrendered the subject property, [when] they failed to reaffirm or redeem with the creditor in accordance with 11 U.S.C. § 521(a)(2) and *In re Taylor*, 3 F.3d 1512, 1516 (11th Cir. 1993)"**. ECF 39 Exhibit "B" at p. 3 ¶3 (emphasis added). At the hearing, Judge Williamson noted that "if [a] debtor says they're going to reaffirm—their only options are to reaffirm or surrender. If it's personal property, they can redeem. That's not this situation…**And you can't say 'I'm going to reaffirm' to get around surrender**…" ECF 39 Exhibit "C" at P. 6:8-16 (emphasis added). Judge Williamson went on to say, "the **Debtor has constructively surrendered, since they failed to reaffirm**, and that as—**since they've surrendered, they cannot take an inconsistent position in any State Court proceeding, and I'll enjoin them from doing so**…" *Id.* at P6:22-25 and P. 7:1 (emphasis added). Accordingly, the order compelled the debtors to surrender the subject property and "withdraw their answer and

14

affirmative defenses, and any other paper filed" in the foreclosure action. *Id*.

The *Bartlett* Order Reopening Case and Compelling Surrender was entered on July 28, 2015, almost a month after the hearing in this case on the Motion to Compel, and before the entry of the Order on August 13, 2015. In *Bartlett*, a case analogous to this, Judge Williamson correctly found, consistent with *Taylor* and its progeny that the proper course of action for a creditor in the same position as Bank of America was to move to reopen the case and compel surrender. Moreover, Judge Williamson recognized that binding precedent (*i.e.*, *Taylor*) and Section 521 prohibits debtors (such as the Debtor in this case) who have failed to take timely action with respect to their stated intentions from being unjustifiably rewarded by retaining the property without any redemption. Instead, Judge Williamson properly compelled the debtor to surrender its property under this strikingly similar scenario.

**III.     The Orders Erroneously Conclude that Bank of America Could Have Sought to Compel the Debtor to Execute a Reaffirmation Agreement**

In the Order, the Bankruptcy Court found that Bank of America "failed to compel the Debtor to reaffirm the debt, by a written reaffirmation agreement as to the Property during the pendency of the Debtor's bankruptcy case." ECF 37 at 4. Thus, the Order implies that Bank of America should have moved to compel the Debtor to execute a reaffirmation agreement at any time up until the Bankruptcy Case was closed. However, the Bankruptcy Court fails to acknowledge that upon expiration of the Section 521(a)(2)(B) deadline, the Bankruptcy Court lacks "any discretion…to extend a time period that has statutorily expired and thereby extinguished any redemption or reaffirmation rights held by the debtor[]." *In re Jones*, 261 B.R. at 485 (Bankr. N.D. Al. 2001). The Order therefore erroneously concludes that Bank of America could have sought to compel the Debtor to execute a reaffirmation agreement after the expiration of the deadline imposed by 11 U.S.C. § 521(a)(2)(B).

15

The rights to reaffirm or redeem are private rights. *In re Jones*, 261 B.R. at 488. Because Section 521 requires "a thing to be done or an act accomplished" in order to exercise these rights, this statutory provision is construed as being mandatory. *Id*. Furthermore, Congress intended that the failure of the debtor to timely perform extinguishes these rights. *Id*. That is, "when a debtor fails to perform the required duties under the Bankruptcy Code, Congress statutorily and substantively, not procedurally, extinguished the statutory bankruptcy right to reaffirm or redeem." *Id.* at 489. Therefore, "[u]pon a debtor's failure to timely perform statutory duties or seek time extensions, then a debtor's rights of redemption and reaffirmation are extinguished and terminated. Once the time expires, Section 521(2) extinguishes the rights, and neither a debtor, creditor, party in interest, nor this court can resurrect a time period to facilitate the requisite performance." *Id*.

Here, as stated above, the Meeting of Creditors was scheduled for March 5, 2012. ECF 2. Therefore, pursuant to 11 U.S.C. § 521(a)(2)(B), the Debtor's deadline to perform her stated intention was April 4, 2012. The Debtor never sought an extension of the time to perform her duties under 11 U.S.C. § 521. Once this deadline expired, neither the Debtor nor Bank of America could have sought leave from the Bankruptcy Court to extend the Debtor's deadline to reaffirm her debt as her statutory right to retain the Property by reaffirming the debt had been terminated. Hence, the Order's conclusion that Bank of America should have sought to compel the Debtor to execute a reaffirmation agreement prior to the closing of the Bankruptcy Case is erroneous and should be reversed.

**IV.      The Orders Mistakenly Find that Bank of America Should Have Sought Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(h) to Remedy Debtor's Failure to Comply with 11 U.S.C. § 521**

The Orders erroneously hold not only that that the relief provided for in 11 U.S.C. 362(h) applies to this case, even though the collateral that is the subject of the Motion to Compel is real property, but also that seeking relief from the automatic stay is the "preferred remedy" under the circumstances. ECF 37 at 7.  Subsection (h) of 11 USC § 362 provides:

> (h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated **with respect to personal property** of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2) [11 USCS § 521(a)(2)]—

> (Emphasis added)

Thus, the remedies provided under Section 362(h) apply only to personal property. *In re Linderman*, 435 B.R. 715, 716 (Bankr. M.D. Fla. 2009) (reasoning that "Section 362(h) provides that the automatic stay terminates **with respect to personal property** if the debtor does not timely file a statement of intention or does not timely perform the stated intention by the statutory deadline.") (emphasis added).  A plain reading of Section 362(h) itself confirms that it only applies to personal property.  Therefore, the conclusion that Bank of America should have filed a motion for relief from stay pursuant to 362(h) is erroneous as subsection (h) does not apply to cases, such as this one, where a creditor's debt is secured by real property.

The Bankruptcy Court's reliance on *In re Trussel*, 2015 Bankr. LEXIS 681 (Bankr. N.D. Fla. 2015), for the proposition that seeking relief from the automatic stay was the preferred remedy under the circumstances in this case, is similarly misplaced.  A cursory review of *Trussel* might suggest that a Chapter 7 debtor should not, absent extraordinary circumstances, be compelled to surrender their interest in property where they have not elected to do so, even when

17

they have failed to timely perform their stated intention to reaffirm.  However, a review of the specifics facts of that case reflects otherwise.

In *Trussel*, the debtor's petition and schedules listed NovaStar Mortgage, Inc. as the secured party.  ECF 34 at p. 3 and Exhibit "1."  However, 21 Asset Management Holding, LLC is the entity that filed the motion to compel surrender, claiming it was the purchaser of the defaulted asset.  ECF 34 at p. 3 and Exhibit "2."  Additionally, Ocwen, the servicer of the subject loan, had advised the debtor that the loan had not been sold.  ECF 34 at p. 3 and Exhibit "3."  Adding to the debtor's concerns was the fact that 21 Asset Management Holding, LLC had not filed a Notice of Transfer of Claim and instead filed a new proof of claim.  *Id.*  Based on these facts, the debtor challenged the alleged creditor's standing in the foreclosure action and similarly opposed the motion to compel surrender.  *Id.*  Significantly, in his response to the motion to compel, the debtor agreed with 21 Asset Management Holding, LLC's contention that the debtor's failure to reaffirm required surrender; however, he was concerned about surrendering the collateral property to the wrong party.  *Id.*

Ultimately the court in *Trussel* held that under the circumstances of that easily distinguishable case, there were no compelling circumstances to require the debtor to surrender the property.  *In re Trussel*, 2015 Bankr. LEXIS 681 at * 10.  Specifically, the Court found that because there were clear issues as to which entity had standing to foreclose, 21 Asset Management Holding, LLC's motion effectively sought "an injunction to preclude or to short-circuit Trussel's right to raise legitimate defenses in the pending state court foreclosure.  Trying to avoid responding to legitimate defenses does not constitute sufficient compelling cause to obtain the extraordinary relief of an injunction."  Here, unlike in *Trussel*, there simply is no material issue of standing.  It is undisputed that Bank of America is the proper secured party (as

18

admitted on the Debtor's sworn bankruptcy schedules).  In fact, the Debtor—under penalty of perjury—filed her Schedules listing Bank of America's claim as secured and confirming that she owed an approximate $236,000 balance to Bank of America.  Moreover, nowhere in her schedules does the Debtor list Bank of America's claim as contingent, disputed, or unliquidated, nor has any other creditor or servicer claimed to have any interest in the Property during the Bankruptcy Case or in the Foreclosure Action.  Instead, Debtor acknowledged her intent to reaffirm the debt with secured creditor, Bank of America.  Even the Order, drafted by Debtor's counsel, does not dispute the fact that Bank of America is the secured creditor holding a lien on the Property.  *See* ECF 37 at 2.

Despite these acknowledgments in her filings and sworn schedules in the Bankruptcy Case, the Debtor's affirmative defenses and counterclaims raised in the Foreclosure Action are directed to Bank of America's standing.  Based on the Debtor's sworn schedules, these defenses and claims are not "legitimate" defenses, as opposed to those in *Trussel*.  Unlike the purported asset purchaser in *Trussel*, Bank of America is the undisputed holder of this delinquent loan and is not trying to avoid a potentially plausible defense as to standing.  This case does not involve a situation where surrender would entail an "extraordinary" remedy.  Rather, compelling surrender is the only logical remedy that comports with the spirit of the Bankruptcy Code in light of the Debtor's failure to act within the allotted time provided in 11 U.S.C. § 521(a)(2)(B).  The Orders should be vacated, and the Debtor should be compelled to surrender her interest in the collateral property under the circumstances herein.

## CONCLUSION

For the foregoing reasons, the Orders should be vacated and the Debtor should be compelled to surrender her interest in the collateral property under the circumstances herein.

## APPELLANT'S REQUEST FOR ORAL ARGUMENT

Appellant submits that the issues before the Court are of great public importance, and accordingly requests oral argument.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 24, 2015, I electronically filed the foregoing document with the Clerk using CM/ECF.

RESPECTFULLY SUBMITTED,

By: /s/ Laudy Luna Perez
Laudy Luna Perez (FBN 044544)
Email: llp@lgplaw.com
Dora F. Kaufman (FBN 0771244)
Email: dfk@lgplaw.com
Jessica B. Reyes (FBN 56894)
Email: jbr@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626
*Attorneys for Appellant Bank of America, N.A.*