**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-CV-23609-FAM**

---

**BANK OF AMERICA, N.A.,**

**Appellant/Secured Creditor,**

**vs.**

**GENNY MARINO RODRIGUEZ,**

**Appellee/Debtor**

---

**APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 12-12043-BKC-AJC**

---

**REPLY BRIEF OF APPELLANT/SECURED CREDITOR, BANK OF AMERICA, N.A.**

---

LAUDY LUNA PEREZ (FBN 044544)
Email: llp@lgplaw.com
DORA F. KAUFMAN (FBN 0771244)
Email: dfk@lgplaw.com
JESSICA B. REYES (FBN 56894)
Email: jbr@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626
*Counsel for Appellant, Bank of America, N.A.*

## <u>TABLE OF CONTENTS</u>

TABLE OF CITATIONS ....................................................................................................ii

ARGUMENT ................................................................................................................... 1

    I.     Debtor Failed to Preserve Arguments on Appeal ...................................1

    II.    The Bankruptcy Court Abused Its Discretion in Failing to Reopen the Case................................................................................................................3

          A.    The Court abused its discretion in failing to reopen the case as the Order relies on unsupported findings of fact ...............................5

          B.    The Court abused its discretion in failing to reopen the case where it ignored binding Eleventh Circuit precedent dictating that Debtor must elect to surrender its interest in the Property after failing to reaffirm her debt within the time allowed by 11 U.S.C. §521....................6

          C.    The Court abused its discretion in failing to reopen the case by adopting Debtor's proposed order and therefore delegating its decision to Debtor with no factual or legal support.....................................8

    III.   The Bankruptcy Court Improperly Applied the Equitable Doctrine of Laches to the Facts of This Case As a Basis for Denial of the Motion to Reopen ...............................................................................................9

    IV.   Debtor's Interpretation of 11 U.S. §521 is Contrary to Precedent and the Spirit of the Bankruptcy Code ..............................................................14

CONCLUSION................................................................................................................ 20

CERTIFICATE OF SERVICE ......................................................................................... 20

CERTIFICATE OF COMPLIANCE WITH RULE 8015(a)(7)(B)............................................ 20

i

## <u>TABLE OF CITATIONS</u>

**CASES:**                                                                    **PAGE(S)**

*Anderson v. Yungkau*,
   329 U.S. 482, 485, 67 S. Ct. 428, 430, 91 L. Ed. 436 (1947)................................................ 6-7

*Federal Deposit Ins. Corp. v. Key Biscayne Dev. Asso.*,
   858 F.2d 670 (11th Cir. 1993) ................................................................................. 10

*Florance v. Johnson*,
   366 So. 2d 527 (3d DCA 1979) .............................................................................. 10

*Gevertz v. Gevertz*,
   566 So. 2d 541 (Fla. 3d DCA1990). ....................................................................... 10

*Humphrey v Southwestern Portland Cement Co.*,
   (1974, CA5 Tex) 488 F2d 691, 7 BNA FEP Cas 6, 7 CCH EPD P 9075, reh den (1974,
   CA5 Tex) 490 F2d 992 .........................................................................................6

*In re Apex Oil Co.*,
   406 F.3d, 538 (8th Cir. 2005) ....................................................................... 11, 12, 13

*In re Arana*,
   456 B.R. 161 (Bankr. E.D.N.Y. 2011)................................................................. 9, 14

*In re Ball*,
    2007 Bankr. LEXIS 4835 (9th Cir. B.A.P. 2007)...................................................... 4

*In re Bartlett*,
   (Case No. 10-bk-23758, Bankr. M.D. Fla. Jul. 28, 2015)........................................ 16

*In re Davitch*,
   336 B.R. 241 (Bankr. W.D. Pa. 2006) ................................................................... 19

*In re Delfino*,
    351 B.R. 786 (Bankr. S.D. Fla. 2006).............................................................. 11, 12

*In re Dolan*,
   15-cv-80879-DMM, ECF 33, P. 8 (S.D. Fla. February 28, 2016)............................ 1, 2

*In re Dunson*,
   2014 Bankr. LEXIS 5271 (Bankr. N.D. Ga. 2014).................................................... 5

*In re Edwards*,
   901 F.2d 1383 (7th Cir.1990) ......................................................................... 18, 19

*In re Failla*,
    529 B.R. 786 (Bankr. S.D.Fla. 2014)................................................................. 16

*In re Harris*,
    226 B.R. 924 (Bankr. S.D. Fla. 1998)......................................................... 7, 17, 18

*In re Jones*,
    261 B.R. 479 (Bankr. N.D. Al. 2001) ................................................................. 6

*In re Kaspin*,
    265 B.R. 778 (Bankr. N.D. OH 2001) ................................................................. 3

*In re Kourogenis*,
    539 B.R. 625 (Bankr. S.D. Fla. 2015)................................................. 10, 11, 12, 15, 16

*In re Kreutzer*,
    344 B.R. 634 (D. N.D. Okla. 2006) ................................................................. 3

*In re Lapeyre*,
    2016 Bankr. LEXIS 225 (S.D.Fla.  2016)......................................................... 13, 14

*In re Levy*,
    256 B.R. 563 (Bankr. D. N.J. 2000) ................................................................. 3

*In re Mendez*,
    231 B.R. 86 (9th Cir. B.A.P. 1999)................................................................. 4

*In re Montalvo*,
    Case No. 8:13-bk-0201-MGW (Bankr. M.D. Fla., Mar. 12, 2015) ........................................ 19

*In re Parker*,
    363 B.R. 621 (Bankr. M.D. Fla. 2007) ............................................................. 6, 8

*In re Plummer*,
    513 B.R. at 141 ............................................................................. 14, 15, 19

*In re Pratt*,
    462 F.3d 14 (1st Cir. 2006)......................................................................... 14

*In re R & W Enters.*,
    161 B.R. 624 (Bankr. N.D. Fla. 1994).............................................................. 4

*In re Rettemnier*,
    113 B.R. 757 (Bankr. S.D.Fla. 1990).............................................................. 3

*In re Schondel*,
   950 F.2d 1301 (7th Cir. 1991) ................................................................. 3, 4

*In re Stark*,
   717 F.2d 322 (7th Cir. 1983) ...................................................................... 3

*In re Stein*,
   394 B.R. 13 (Bankr. E.D.N.Y. 2008)........................................................... 9

*In re Taylor*,
   3 F.3d 1512 (11th Cir. 1993) ................................................ 5, 6, 7, 8, 16, 17, 18

*In re Theobald*,
   218 B.R. 133 (B.A.P. 10th Cir. 1998).......................................................... 15

*In re Trussel*,
   2015 Bankr. LEXIS 681 ................................................................... 15, 16, 17

*Kay v. United Healthgroup, Inc.*,
   376 F.3d 1092 (11th Cir. 2004). ................................................................. 4

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
   523 U.S. 26, 118 S. Ct. 956, 140 L. Ed. 2d 62 (1998)................................... 6

*M. B. Skinner Co. v. Cont'l Indus.*,
   346 F.2d 170 (10th Cir. Okla. 1965)............................................................ 8

*Mendelsohn v. Ozer*,
   241 B.R. 503 (E.D.N.Y. 1997) ................................................................... 3

*Montano Cisneros v. United States AG*,
   514 F.3d 1224 (11th Cir. 2008) .................................................................. 7

*Osterneck v. E.T. Barwick Indus., Inc.*,
   825 F.2d 1521 (11th Cir.1987) ................................................................... 2

*United States v. El Paso Natural Gas Co.*,
   376 U.S. 651, at 656, 84 S.Ct. 1044 at 1047, 12 L.Ed.2d 12.......................... 8

*United States v. Margolis*,
   758 F. Supp. 1482 (S.D. Fla. 1991) .......................................................... 10

*Weatherly v. Alabama State Univ.*,
   728 F.3d 1263 (11th Cir. 2013) .................................................................. 2

**STATUTE(S) OR CONSTITUTIONAL PROVISION(S):**

11 U.S.C.S. § 105 ........................................................................................................... 14

11 U.S.C.S. § 350 ............................................................................................................. 3

11 U.S.C.S. § 521 ....................................................... 1, 2, 5, 6, 7, 8, 14, 15, 16, 17, 18, 19

11 U.S.C.S. § 727 ........................................................................................................... 19

Fed. R. App. P. 3 ............................................................................................................. 2

Fed. R. Bankr. P. 7052 ..................................................................................................... 5

Fed. R. Bankr. P. 8009 ..................................................................................................... 3

Fed. R. Bankr. P. 8015 ................................................................................................... 20

Fed. R. Civ. P. 52 ............................................................................................................. 5

## ARGUMENT[1]

### I.       Debtor Failed to Preserve Arguments on Appeal

Debtor has failed to preserve her arguments raised in the Answer Brief ("An. Br.") on appeal regarding the discretion of the Bankruptcy Court to reopen the Bankruptcy Case and concerning her interpretation of 11 U.S.C. §521.  Specifically, Debtor has failed to file a response or opposition to the Motion to Compel, or raise any specific objections directed to these matters at the bankruptcy court proceedings on the Motion to Compel.  "A district court in reviewing the decision of a bankruptcy court functions as an appellate court." *Dolan v. Carrington Mortgage Servcs.* (*In re Dolan*), 15-cv-80879-DMM, ECF 33, P. 8 (S.D. Fla. February 28, 2016) (*internal citations omitted*).  Therefore, if parties wish to "'preserve a claim, argument, theory, or defense on appeal, they must first clearly present' them to the lower court.'" *Id.*

Debtor's bankrupcy counsel attended the hearing on the Motion to Compel but specifically advised the Bankruptcy Court he did not represent Debtor in connection with the motion and asserted none of the arguments contained in Debtor's Answer Brief.  Instead, bankruptcy counsel and foreclosure counsel, also present at the hearing, advised that another attorney would brief the issues.  Tr. 12-21; 13: 15-20; 14: 2-6.  However, after making an appearance, Debtor's special counsel filed no formal response to the Motion to Compel and simply submitted a proposed memorandum opinion containing findings of fact and conclusions of law for a hearing he did not attend.  The only objection raised at the hearing was to assert that the requested relief was allegedly not proper since the Debtor did not expressly elect to surrender the Property in her

---

[1] All capitalized terms shall have the same meaning as defined in Bank of America's Initial Brief [ECF 8].

prior bankruptcy filings. Tr. 12: 12-25. The first time Bank of America and the Bankruptcy Court learned of Debtor's position was when the proposed memorandum opinion (ultimately issued by the Bankruptcy Court) was submitted to the presiding Bankruptcy Judge well after the presentation of oral argument on the noticed motion.

In *Dolan*[2], another recent matter before the Bankruptcy Court for the Southern District and this Court (on appeal), the debtors similarly raised no argument pertaining to their interpretation of 11 U.S.C. §521 either at a hearing or by filing of a formal opposition prior to briefing in the appeal.  As a result of the failure to preserve these arguments by filing of a pleading or otherwise before the Bankruptcy Court, this Court correctly held that the *Dolan* debtors had not preserved their arguments for appeal and had thus waived any such issues.  Here, too,  by filing no pleading or raising any issues at the hearing on the Motion to Compel, other than the absence of any Bankruptcy Court filings that reflected a sworn intention to surrender the Property, Debtor has failed to preserve her arguments on appeal and waived the right to assert such arguments in her Answer Brief.[3]

---

[2] While the underlying facts in *Dolan* differ from the facts in this case, *i.e.,* as the debtors in that matter ultimately agreed to a stipulated foreclosure judgment as long as they had an extended move out date, the Court's analysis on the issue of failure to preserve issues for appeal and waiver is applicable.

[3] Moreover, it is well-settled that pursuant to Fed. R.App. P. 3(c)(1)(B), a notice of appeal must "designate the judgment, order, or part thereof being appealed."  *Weatherly v. Alabama State Univ.*, 728 F.3d 1263, 1271 (11th Cir. 2013).  Therefore, "[a]s a threshold matter, an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal."  *Weatherly*, 728 F.3d at 1271 (quoting *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir.1987) (*citations omitted*)). Furthermore, while notices of appeal are generally construed liberally, an appellate court may not "expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice." *Id.*  Here, the issues for appeal were set forth in Appellant's Statement of Issues on Appeal filed on October 8, 2015 in the Bankruptcy proceeding, docketed at 6-3 in this Proceeding.  Debtor failed to file a supplemental

**II.      The Bankruptcy Court Abused Its Discretion in Failing to Reopen the Case**

If this Court does not find that Debtor's arguments have been waived, Debtor's analysis on the propriety of the Bankruptcy Court's discretion in refusing to reopen the Bankruptcy Case fails as a matter of law.  It is undisputed that 11 U.S.C. §350(b) grants the Bankruptcy Court broad discretion in choosing to reopen a case.  *In re Levy*, 256 B.R. 563, 566 (Bankr. D. N.J. 2000).  However, the Court's discretion is not absolute.  *Id*.

"In exercising its discretion to reopen a case, 'the bankruptcy court should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice.'" *In re Schondel*, 950 F.2d 1301, 1305 (7th Cir. 1991) (citing *In re Stark*, 717 F.2d 322, 323 (7th Cir. 1983)). "In exercising its discretion to reopen a bankruptcy case, a bankruptcy court is to consider the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Kaspin*, 265 B.R. 778, 780 (Bankr. N.D. OH 2001) (citing *Mendelsohn v. Ozer*, 241 B.R. 503, 506 (E.D.N.Y. 1997)).   In this regard, §350 "has been **liberally applied to accord [the moving party's] needed relief in situations where no prejudice will likely befall the affected party.**" *Id*., citing *In re Rettemnier*, 113 B.R. 757, 759 (Bankr. S.D.Fla. 1990)[emphasis added]. Courts have found sufficient cause to reopen a case where "[a]ny inconsistent statements made to the bankruptcy court can be corrected by reopening the bankruptcy and amending the debtors' schedules." *Giddens v. Kreutzer* (*In re Kreutzer*), 344 B.R. 634, 643 (D. N.D. Okla. 2006).  Federal Courts have been mindful of the

---

statement of issues on appeal as required by Bankr. Rule of Procedure 8009.  Debtor's failure to file a supplemental statement of issues also constitutes a waiver of any new argument raised by Debtor.

need to "prevent prejudice to any creditors of the debtors" *Id*.  Moreover, there is no formal time limitation on the reopening of a case. *United States ex rel. Bell v. Rhoney* (*In re R & W Enters.*), 161 B.R. 624 (Bankr. N.D. Fla. 1994).   In cases where the debtor faces no personal liability (as in this case, where Debtor was previously discharged in her Chapter 7 filing) and the creditor has not acted fraudulently or intentionally, courts have found sufficient cause to reopen a case.  See *Schondel*, 950 F.2d 1305.

Courts have held that the Bankruptcy Court's discretion has been abused when a reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment in reaching its conclusion. *Brown v. Smith* (*In re Mendez*), 231 B.R. 86, 88 (9th Cir. B.A.P. 1999). "Discretion is abused when the judicial action is arbitrary, fanciful or unreasonable or where no reasonable person would take the view adopted by the trial court." *Ball v. Birdsell* (*In re Ball*) 2007 Bankr. LEXIS 4835, *9 (9th Cir. B.A.P. 2007).  A court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.  *Kay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1095 (11th Cir. 2004).

A review of the undisputed facts reflect that substantive considerations mandated the reopening of this case in order to correct Debtor's inconsistent statement in her Statement of Intention regarding the Property and debt owing to this Creditor (e.g., sworn statements regarding Debtor's intent to reaffirm the debt and admission as to the undisputed secured amount owing to this creditor), and to prevent substantial injustice to Bank of America.  However, the Bankruptcy Court, despite the absence of arguments from Debtor at the trial court level or filing of any Court papers in opposition to the Motion to Compel, abused its discretion by relying

4

solely on technical considerations, specifically the passage of time.  Similarly, the Bankruptcy Court improperly shifted the burden of Section 521 to Bank of America with no legal precedent to do so, resulting in a severe miscarriage of justice to Bank of America and Debtor improperly benefiting from her false (or inconsistent) sworn statements to the Bankruptcy Court.  Despite the compelling bases for  reopening of the case (e.g., such as Debtor's windfall in retaining property she did not surrender or reaffirm in violation of Section 521 and for which she has not made a payment in over four years), the Bankruptcy Court decided to largely delegate its decision-making to Debtor.  The Bankruptcy Court adopted almost in its entirety Debtor's proposed memorandum opinion, which made incorrect and unsupported findings of fact and ignored the binding Eleventh Circuit precedent in *Taylor v. AGE Fed. Credit Union* (*In re Taylor*), 3 F.3d 1512, 1516 (11th Cir. 1993).  Under *Taylor*, a debtor is prohibited from retaining property securing prepetition debt absent reaffirmation.  Accordingly, the Bankruptcy Court's reliance on unsupported findings of fact, delegation of its decision making to Debtor's counsel, and decision to ignore binding Eleventh Circuit precedent in *Taylor* constitute an abuse of discretion, and require vacation of the Bankruptcy Court Orders.

### A.      *The Court abused its discretion in failing to reopen the case as the Order relies on unsupported findings of fact*

The Bankruptcy Court abused its discretion by failing to reopen the case as the Order relies on  unsupported findings of fact. The Bankruptcy Court's findings of fact (made after a non-evidentiary hearing) are not supported by the record.  Federal Rule of Civ. P. 52, applicable to bankruptcy cases through Bankruptcy Rule 7052, limits a court's findings of fact and conclusions of law to a discussion of evidence admitted at trial.  *Dunson v. Stabilis Fund II, LLC* (*In re Dunson*) 2014 Bankr. LEXIS 5271, * 4 (Bankr. N.D. Ga. 2014).  Findings in terms of

5

ultimate facts must be supported by underlying or subsidiary findings; absent such support, findings in terms of ultimate facts are due to be set aside as clearly erroneous. *Humphrey v Southwestern Portland Cement Co.* (1974, CA5 Tex) 488 F2d 691, 7 BNA FEP Cas 6, 7 CCH EPD P 9075, reh den (1974, CA5 Tex) 490 F2d 992.  Accordingly, the Bankruptcy Court's findings, based on unsworn statements by Debtor and her counsel, are unsupported by the record and the Court's reliance on them constitutes an abuse of discretion.

> **B.     The Court abused its discretion in failing to reopen the case where it ignored binding Eleventh Circuit precedent dictating that Debtor must elect to surrender its interest in the Property after failing to reaffirm her debt within the time allowed by 11 U.S.C. §521**

In *Taylor*, the Eleventh Circuit reasoned that section 521(2)(B) "indicates that the debtor **must perform some act** with respect to the property within a specified period of time." *In re Taylor*, 3 F.3d at 1516 (emphasis added). "No other meaning can be gained from the precise terms of the statute, and nothing suggests the debtor can simply elect to retain the property and ignore other duties required by §521(2)". *Id.* at 1515 (internal citations omitted).  Importantly, the obligations contained in Section 521 of the Bankruptcy Code impose duties on debtors to act timely to perform their stated intentions, but do not impose similar duties on a creditor to inquire if the debtor is making any progress in performing the stated intention.  *See In re Parker*, 363 B.R. 621, 625 (Bankr. M.D. Fla. 2007).  In *Taylor*, the Eleventh Circuit found that the statutory duties placed on debtors are mandatory.  *In re Jones*, 261 B.R. 479, 486 (Bankr. N.D. Al. 2001). The Supreme Court has reaffirmed its position that a statute's use of a mandatory term normally creates an obligation that is impervious to judicial discretion.  *Id.*, citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S. Ct. 956, 140 L. Ed. 2d 62 (1998); *Anderson*

*v. Yungkau*, 329 U.S. 482, 485, 67 S. Ct. 428, 430, 91 L. Ed. 436 (1947).

The Order ignores the binding precedent of *Taylor* by impermissibly shifting the burden of compliance with Section 521 on Bank of America. In particular, the Order states that "Bank of America failed to provide a reaffirmation agreement to the Debtor, and failed to compel the Debtor to reaffirm the debt, by a written reaffirmation agreement, on the Property during the pendency of the Debtor's bankruptcy case". Order at P. 4. In making this conclusion of law, the Court improperly shifted the burden of complying with Section 521 onto Bank of America where the text of Section 521 clearly imposes this duty on Debtor. The Order further contradicts binding Eleventh Circuit Court precedent in *Taylor* which prohibits a Debtor from opting to reaffirm and then ignoring the other statutory requirements of 11 U.S.C. § 521(a)(2). By shifting the burden of compliance with §521(a)(2), the Bankruptcy Court in effect allows Debtor to decide not to comply with these statutory requirements. Shifting of this burden with no legal basis is erroneous and comprises an abuse of discretion.

The Court also failed to follow its own precedent. In *In re Harris*, 226 B.R. 924 (Bankr. S.D. Fla. 1998), the Bankruptcy Court held that a debtor's obligation to perform a stated intention was mandatory pursuant to 11 U.S.C. § 521 and failure to do so could result in the forfeiture of the right to seek relief under the Bankruptcy Code. The Bankruptcy Court's departure from this rule is clear error and further evidence of its abuse of discretion. See, e.g., *Montano Cisneros v. United States AG*, 514 F.3d 1224, 1226 (11th Cir. 2008) ("finding that the court's failure to follow its own precedent without providing a reasoned explanation for doing so can constitute abuse of discretion... the Court has no discretion to ignore its own precedent").

>    **C.     The Court abused its discretion in failing to reopen the case by
>            adopting Debtor's proposed order and therefore delegating its
>            decision to Debtor with no factual or legal support.**

The practice of adopting verbatim findings prepared by counsel is not commended, and only will be sustained on appeal where supported by the evidence. *M. B. Skinner Co. v. Cont'l Indus.*, 346 F.2d 170, 173 (10th Cir. Okla. 1965) citing to *United States v. El Paso Natural Gas Co.*, 376 U.S. 651, at 656, 84 S.Ct. 1044 at 1047, 12 L.Ed.2d 12 (emphasis added).   As stated above, the Order entered by the Court, as submitted by Debtor's special counsel who had not even attended the hearing on the Motion to Compel, improperly shifted the burden of compliance with 11 U.S.C. §521 from Debtor to Bank of America, and made several completely unsupported findings of fact.   The Order improperly (and without support) not only found that Bank of America had not provided her with a reaffirmation agreement, but that it was Bank of America's duty to do so.   The Bankruptcy Court then determined, with no evidentiary hearing, that an alleged failure to provide the reaffirmation agreement to the Debtor barred the relief sought (Order at P. 2 and 4).

A plain reading of 11 U.S.C. §521(a)(2)(B) clarifies that the burden of performing a debtor's stated intention rests squarely on the Debtor. 11 U.S.C. § 521(a)(2)(B) (2015). "No other meaning can be gained from the precise terms of the statute, and nothing suggests the debtor can simply elect to retain the property and ignore other duties required by §521(2)". *In re Taylor*, 3 F.3d at 1515 (internal citations omitted). The obligations in Section 521 of the Bankruptcy Code impose duties on debtors to act timely to perform their stated intentions, but do not impose similar duties on a creditor to inquire if the debtor is making any progress in performing the stated intention. *See In re Parker*, 363 B.R. 621, 625 (Bankr. M.D. Fla. 2007).

The Bankruptcy Court improperly entered the Order submitted by Debtor's counsel without questioning the basis for the factual and legal findings therein and permitted new arguments not addressed before the Bankruptcy Court at the proceedings on the Motion to Compel.  Because the Bankruptcy Court applied the wrong legal standard and made findings of fact unsupported by any evidence, it abused its discretion in entering the Order that is the subject of this appeal.

**III.     The Bankruptcy Court Improperly Applied the Equitable Doctrine of Laches to the Facts of This Case As a Basis for Denial of the Motion to Reopen**

Debtor next argues that applying the equitable doctrine of laches to the facts in this case supports the Bankruptcy Court's denial of the Motion to Reopen.  Ans. Br. 13-15.  Specifically, Debtor attempts to draw factual similarities between this case and other cases where a bankruptcy court has denied, at least in part, a motion to reopen based on applying the doctrine of laches or the passage of a considerable amount of time.  However, the cases upon which Debtor relies are factually distinguishable from the instant matter and themselves exhibit the Bankruptcy Court's error in applying the doctrine of laches here given the equitable considerations at hand.

The doctrine of laches *may* be grounds for denying a motion to reopen "when a party unreasonably delays taking an action and the affected party is prejudiced by the delay." *In re Arana*, 456 B.R. 161, 174 (Bankr. E.D.N.Y. 2011) citing to *In re Stein*, 394 B.R. 13, 16 (Bankr. E.D.N.Y. 2008).  However, "[t]he mere lapse of time does not constitute prejudice, and '[a] court of equity must consider whether reopening a case would prejudice the adversary's position.'" *Id.* Here, as alleged by Debtor, the only "evidence" as to any "unreasonable delay" by Bank of

9

America is 1) the Foreclosure Action was filed "one year and four months after the Bankruptcy Case was closed" and 2) the Motion to Reopen was filed "three years and one month" after the Bankruptcy Case was closed".  An. Br. 4.   The Orders make no findings as to how Debtor has been prejudiced, beyond the mere passage of time, by Bank of America's "delay" in seeking to reopen the case.   It is well-established that a Debtor's ability to remain in her home for an extended period essentially for "free" without making payments on her stipulated mortgage loan does not comprise prejudice as a matter of law. See e.g., *Federal Deposit Ins. Corp. v. Key Biscayne Dev. Asso.*, 858 F.2d 670, 673 (11th Cir. 1993), citing to *Florance v. Johnson*, 366 So. 2d 527 (3d DCA 1979); *United States v. Margolis*, 758 F. Supp. 1482, 1484 (S.D. Fla. 1991), citing to *Gevertz v. Gevertz*, 566 So. 2d 541 (Fla. 3d DCA1990).

The only argument raised by Debtor in the Answer Brief is that she has had to "defend the Foreclosure Action while at the same time opposing [Bank of America's] efforts to reopen the Bankruptcy Case and now the instant appeal".  See An. Br. 7.  Debtor conveniently ignores that throughout the Bankcruptcy Case and Foreclosure Action, she has enjoyed the collateral Property pledged to this creditor while failing to make a single payment.  As will be further detailed below, the only party prejudiced is Bank of America and any detriment to the Debtor has resulted directly from her own actions.   Given that the equities strongly favor reopening of this matter, the doctrine of laches was improperly applied by the Bankruptcy Court.

The first case cited by Debtor is *In Re Kourogenis*, 539 B.R. 625 (Bankr. S.D. Fla. 2015).  In *Kourogenis*, a foreclosure action was initiated prior to the debtor's filing of their Chapter 7 bankruptcy proceeding.  *Kourogenis*, 539 B.R. at 627.  However, the foreclosing lender did not seek relief from stay during the pendency of the bankruptcy.  *Id*.  Instead, over

five years after filing the foreclosure action and closing of the debtor's bankrutpcy case, an assignee of the plaintiff moved to reopen the bankruptcy to compel the debtor to surrender the property, including ceasing her defense of the foreclosure action. *Id.* Judge John K. Olson of the Bankruptcy Court for the Southern District of Florida, Ft. Lauderdale Division, denied the motion to reopen based on his finding that the moving party and its predecessors had "slept on their rights" and therefore the elements of the defense of laches had been met. *Id.* at 628. Specifically, Judge Olson found that the debtor would be prejudiced by being "dragged back into a bankruptcy that ended more than 5 years ago, and every aspect of the Debtor's intervening financial life would be subject to being scrutinized...". *Id.*

Second, Debtor cites to *In re Delfino*, 351 B.R. 786 (Bankr. S.D. Fla. 2006), also a Judge Olson opinion. In *Delfino*, prior to seeking to reopen their bankruptcy case, the debtor litigated the issue of whether the affected creditor's claim was discharged in a pending state court action. *Delfino*, 351 B.R. at 788. It was the denial of the debtor's motion in the state court action that "triggered" the debtor to reopen the bankruptcy seven years after it had been closed. *Id.* at 789. After holding an evidentiary hearing, Judge Olson denied the debtor's motion to reopen given that the creditor would be prejudiced if the case were reopened as they have had to incur costs and fees—over $20,000—for its collection efforts in the state court. *Id.* Additionally, the court in *Delfino* emphasized the equitable nature of seeking to reopen a bankruptcy case, noting that the debtor's actions were "marked by a want of good faith" thereby precluding the court from granting the equitable remedy of reopening. *Id.* at 790.

Debtor also cites to *Apex Oil Co. v. Sparks* (*In re Apex Oil Co.*), 406 F.3d, 538 (8th Cir. 2005). In *Apex Oil. Co.* the debtor sought to reopen its Chapter 11 case, seven years after it had

11

completed its plan and the case was closed, to request that the discharge order be enforced against certain creditors who had recently filed a class action lawsuit against the debtor. *Apex Oil Co.*, 406 F.3d at 541. In its affirmative defenses, the debtor alleged that the creditors' claims were barred as they had been discharged. *Id.* The bankruptcy court applied several factors in reaching its holding, with passage of time being only one factor. *Id.* at 542. On appeal, the Eighth Circuit approved of the bankruptcy court's application of these factors. *Id.* at 543. The Eighth Circuit also emphasized that dischargeablity could be adjudicated in the class action lawsuit as the federal district court could determine whether the debtor's plan and the injunction applied to the claims that were the subject of the action. *Id.*

Unlike the opinions in *Kourogenis* and *Delfino*, the Orders make no finding as to how Debtor has been prejudiced by Bank of America's "delay" in seeking to compel surrender of the Property. There is no basis to support a finding of unreasonable delay or prejuduce as Bank of America has not "slept on its rights." The undisputed facts show that Bank of America has continued prosecution of the Foreclosure Action while at the same time attempting to engage in loss mitigation with Debtor following the entry of Debtor's discharge. Moreover, if Debtor's gauge of an unreasonble delay is measured by the *Kourogenis*, *Delfino* and *Apex Oil Co*. cases, the Motion to Compel was filed three years after closing Debtor's Bankruptcy Case, much less than the lapses of time in the cited authorities of five years or more.

Significantly, unlike in *Delfino*, any alleged prejudice resulting from additional legal fees incurred by Debtor (i.e., the non-moving party) is the sole result of Debtor's actions, not those of Bank of America. It is Debtor's failure to make her mortgage payments, coupled with failing to timely make any effort to obtain a reaffirmation agreement in the Bankruptcy Case, that required

12

Bank of America to file the Foreclosure Action.  It is the discharged Debtor that has chosen to continue to challenge Bank of America's standing in the Foreclosure Action, although she has already admitted under penalty of perjury in the Bankruptcy that Bank of America holds an undisputed secured lien on the Property (with an approximate $237,000 principal balance).   At the same time, Debtor has continually refused to accept any loan modifications.  Moreover, to the extent Debtor has made any payments for attorneys' fees, these amounts are anticipated to be substantially less than the monthly mortgage payments that Debtor has failed to make over the past four years.   If anything, Debtor has benefited from Bank of America's course of action.

Finally, as to any reliance on *Apex Oil Co.*, Debtor has misconstrued the purpose of the Motion to Compel.  Bank of America is not seeking a determination of standing from the Bankruptcy Court, or for that matter, a ruling from the Bankruptcy Court that Debtor is judicially estopped from asserting challenges to Bank of America's standing given her sworn representations in her bankruptcy schedules.  If that were the case, then Bank of America agrees that "Bankruptcy judges lack jurisdiction to tell state court judges what to do" and therefore if "the requested relief is grounded in judicial estoppel, the relief must be sought in the subsequent forum."  *In re Lapeyre*, 2016 Bankr. LEXIS 225, *7 (S.D.Fla.  2016).  Instead, Bank of America filed the Motion to Compel to seek a determination that Debtor has not complied with her duties under the Bankrupcy Code and therefore requires intervention from the Bankruptcy Court to cure her deficiencies.  The only available cure at this point in time is to compel surrender, as the other two options (i.e., redemption and reaffirmation) are no longer available.  Because surrender has been held to require a debtor to cease defending against a foreclosure action, the Bankruptcy Court should have exercised its jurisdiction to "tell [Debtor] what they can or cannot do" in the

13

non-bankruptcy forum—the Foreclosure Action.  *Id.* at 8.   Neither the Orders nor the Debtor's Answer Brief support the application of the doctrine of laches to the facts in this case as there is nothing more than a non-prejudicial lapse of time.  See *Arana*, 456 B.R. at 174.

### IV.        Debtor's Interpretation of 11 U.S. §521 is Contrary to Precedent and the Spirit of the Bankruptcy Code

Debtor's last argument pertains to whether there is "cause" pursuant to 11 U.S. §521 and the Bankruptcy Court's equitable powers under 11 U.S. §105 to compel Debtor to surrender the Property, which would entail ceasing defense of the Foreclosure Action.  It is Debtor's position that no cause exists because she did not elect to surrender the Property and that granting such relief would allow Bank of America to "bypass" state foreclosure laws.   To support this argument, Debtor misconstrues the holdings in the long line of cases interpreting section 521 and its interplay with other sections of the Bankrutpcy Code.   Alternatively, Debtor resorts to a generic due process argument.  Specifically, Debtor argues that the Bankruptcy Court properly denied the Motion to Compel because the alternative would have the "drastic consequence" of depriving hypothetical Chapter 7 debtors their due process rights if they could not agree to a reaffirmation agreement or could not afford to redeem within the statutory period and therefore they would "loose their home."   An. Br. at 17-18.   However, what Debtor intentionally ignores, or does not seem to understand, is this "consequence" is already law.   That is, "[w]here the debtor decides not to reaffirm, or the parties cannot negotiate a reaffirmation, or redemption is not economically feasible, the debtor has but one option: 'surrender' the collateral."   *In re Plummer*, 513 B.R. at 141 (quoting *Pratt v. GMAC* (*In re Pratt*), 462 F.3d 14, 18 (1st Cir. 2006)).   Not only is the relief sought by Bank of America in the Motion to Compel consistent with the law pertaining to a debtor's duties under section 521 and performance thereof, but the

14

fact remains that if the Orders are not vacated, it is Debtor who will continue to unjustifiably reap the benefits of an undeserved windfall—having received a discharge and retained the Property without reaffirming the admitted debt to this creditor, all while failing to make a single payment in over four years.

The core of Debtor's argument lies in the fact that Debtor elected to reaffirm the admitted debt to this Creditor instead of expressly surrendering the Property in her sworn statement of intention filed in the Bankruptcy Case.  In support of her argument, Debtor primarily relies on the *Plummer, Kourgenis* and *Trusell* opinions.  An. Br. 16-21.  Specfically, Debtor emphasizes that the term "surrender" is not equivalent to "foreclosure", and claims that section 521 only requires a debtor to allow a secured creditor to "obtain possession by available legal means without interference," rather than requiring any overt act to be undertaken.  *Plummer*, 513 B.R. at 143.  Section 521(a)(2) "does not affect nor create substantive rights." *In Re Plummer*, 513 B.R. at 143, citing to *Theobald v. Green Tree Financial Servicing Corp.* (*In re Theobald*), 218 B.R. 133, 135 (B.A.P. 10th Cir. 1998).  Bank of America agrees that a debtor's election to surrender—or the failure to act in accordance with a stated intention—does not provide a secured creditor with the ability to avoid the requirements of a foreclosure proceeding.  Section 521 does not mandate that an election of surrender (or the result of the Debtor's failure to comply with a stated election) entitles a secured creditor to delivery of a deed by a debtor in lieu of a foreclosure proceeding.  *In re Theobald*, 218 B.R. at 135-136.  However, Debtor's reasoning to support her argument is flawed.  She unjustifiably attempts to equate ordering a debtor to cease defense of a foreclosure action (e.g., where the Debtor has either failed to surrender, redeem or reaffirm) to the delivery of a deed in lieu of foreclosure.  Moreover, Debtor's argument

15

conveniently ignores the extensive line of cases that have expressly held that the term "surrender" requires a debtor to cease defense of a foreclosure action, including *In re Failla*, 529 B.R. 786 (Bankr. S.D.Fla. 2014), aff'd 524 B.R. 606 (S.D.Fla. 2015).  Instead, Debtor appears to adopt a minority position that surrender does not prohibit a debtor from raising a standing defense or other "legitimate" defenses under certain circumstances, none of which appear to be applicable here (e.g., where Debtor's sworn bankuptcy Schedules reflect her acknowledgement of this creditor having a secured lien with an approximate $237,000 remaining principal balance).  See e.g. *Kourogenis*, 539 B.R. at 629 and *In re Trussel*, 2015 Bankr. LEXIS 681 at *11.

These arguments also overlook the real issue before this Court.  Since ride-throughs are prohibited in the Eleventh Circuit in Chapter 7 proceedings under *Taylor*, once the statutory alloted time has expired to reaffirm or redeem, there is only one other option available to a debtor: surrender.  As Chief Judge Williamson of the Bankruptcy Court for the Middle District of Florida recently held in *In re Bartlett* (Case No. 10-bk-23758, Bankr. M.D. Fla. Jul. 28, 2015), because section 521 does not allow a debtor to "say 'I'm going to reaffirm' to get around surrender," the failure to reaffirm is tantamount to "constructive" surrender.  ECF 6-2 at P. 349 (Appendix 23).

As to the propriety of an injunction—i.e., ordering Debtor to cease defense of the Foreclosure Action where she has failed to timely comply with her stated intention to reaffirm an undisputed secured debt owing to a creditor, the *Kourogenis* and *Trussel* opinions provide little guidance under the facts of this case.  In both *Kourogenis* and *Trussel*, unlike this case, genuine issues of standing existed as the moving parties/foreclosing lenders were neither the original

16

lenders nor the creditors that were listed in the debtors' bankruptcy schedules.   In *Trussel*, the court found that the debtor had made efforts to obtain a reaffirmation agreement in futherance of his stated intention, but for reasons unknown, the parties could not finalize an agreement. *Trussel*, 2015 Bankr. Lexis 681 at * 4.   Under these facts, Judge Jennemann held that an injunction preventing the debtor from defending against the foreclosure, including asserting a standing defense, would not be the remedy because the facts did not rise to "extraordinary circumstances" warranting such relief.  *Id.* at *11.  Without more, the debtor's failure to execute a reaffirmation agreement did not automatically require his surrender of the property.  *Id.* at *3.

However, in this case and with no legal support to do so, Debtor has attempted to place the onus on Bank of America for her failure to try to obtain a reaffirmation agreement during the pendency of the Bankruptcy Case.  Instead she states it was Bank of America's responsibility to "ensure a reaffirmation agreement was executed, or the property surrendered within the prescribed timeframe set forth in 11 U.S.C. § 521."  An. Br. 20-21.    Such a statement directly contradicts both *Taylor* and its progeny that have consistently held that section 521 requires a debtor to "perform some act with respect to the property within a specified period of time." *Taylor*, 3 F.3d at 1516.  A debtor cannot comply with Section 521 once the allotted statutory time period to perform has passed. *Harris*, 226 B.R. at 925.  See also Local Rule 4008-1 ("A reaffirmation agreement made by a debtor subsequent to the entry of the discharge shall be declared invalid by the court.") It has been held that any other result would create "a breeding ground for contemptuous refusal to perform the duties required by the Bankruptcy Code." *Id.* at 925.  Placing the burden on a creditor to ensure that a debtor complies with her mandatory duties amounts to "poor public policy" as it forces creditors to spend legal fees to compel "debtors to

17

do what the Code already requires." *Id.* at 926.

Debtor similarly misconstrues the holding in *Taylor* to support her position that compelling surrender is an improper remedy for a debtor's failure to comply with section 521. An. Br. 22. Debtor alleges that *Taylor* stands for the proposition that if a Chapter 7 debtor retains non-exempt property securing pre-petition debt, the Eleventh Circuit would require either reaffirmation or redemption, but would not compel surrender. An. Br. 22. However, not only did the Court's opinion in *Taylor* not address this issue, but the Debtor's proposition fails as a matter of law. In *Taylor*, the debtors elected to retain personal property (a vehicle) securing repayment of prepetition debt, but did not choose to reaffirm or redeem. *Taylor*, 3 F.3d at 1514. Instead, they made no election on their statement of intention and advised the trustee at the meeting of creditors they intended to remain current on their payments. *Id.* Thereafter, but before the entry of a discharge, the secured creditor moved to compel the debtors to either elect to reaffirm or redeem, which motion was granted. *Id.* The Eleventh Circuit ultimately upheld the Bankruptcy Court's order compelling the debtors to make an election based on its interpretation of the "the plain language" of § 521(a)(2). *Taylor*, 3 F.3d at 1516-1517. The Court in *Taylor* required debtors to elect whether they would reaffirm or redeem if they retained the property as the provisions of Section 521 1) are mandatory duties of debtors and 2) prohibit ride-throughs. *Id.*

In development of its ruling, the Court in *Taylor* cited to *In re Edwards*, 901 F.2d 1383 (7th Cir.1990), noting that "[w]hen a debtor [like Genny Rodriguez, in this case] is relieved of personal liability on loans secured by collateral, the debtor has little or no incentive to insure or maintain the property in which a creditor retains a security interest." *Id.* at 1386. Therefore,

18

Section 521 must be mandatory as no debtor would ever reaffirm personal liability unless required to do so. *Id.* The Court in *Edwards* noted that the Bankruptcy Court was correct in not compelling a debtor to reaffirm personal liability as it would contradict the "Bankruptcy Code's policy of protecting debtors from the burdens of improvident reaffirmation agreements." *Id.* at 1385. Any suggestion by Debtor that the Court in *Taylor* would have compelled the execution of a reaffirmation agreement is in opposition to the purpose of section 521 and the Bankruptcy Code.

It has been established that "no set remedy exists for nonperformance of a debtor's obligations under section 521." *Plummer*, 513 B.R. at footnote 39. Compelling a debtor to execute a reaffirmation agreement after the entry of a discharge would not only result in an unenforceable agreement, but would not comport with the principles of the Bankruptcy Code. Similarly, relief from stay is an "explicit remedy in §362(h)"; however, it "only applies when the collateral is personal property, not real property." *Id.* Under the facts here, there is sufficient cause to grant the Motion to Compel as Debtor constructively surrendered the Property by failing to timely reaffirm. Such an outcome would not prejudice Debtor as she has already obtained the benefit of a discharge while remaining to reside in the Property for free for over four years. Alternatively, had the Bankruptcy Court found that Debtor fraudulently obtained her discharge by intentionally failing to act in compliance with her intentions, it was within its power to vacate her discharge, which arguably would have prejudiced Debtor after three years of the closure of the Bankruptcy Case. See generally, 11 U.S.C. §727(d)(l); *In re Davitch*, 336 B.R. 241,253 (Bankr. W.D. Pa. 2006), and *In re Montalvo*, Case No. 8:13-bk-0201-MGW (Bankr. M.D. Fla., Mar. 12, 2015).

## CONCLUSION

For the foregoing reasons, and as stated in Bank of America's Initial Brief, the Orders should be vacated and the Debtor should be compelled to surrender her interest in the collateral Property under the circumstances herein.

RESPECTFULLY SUBMITTED,

/s/ Laudy Luna Perez
LAUDY LUNA PEREZ (FBN 044544)
Email: llp@lgplaw.com
DORA F. KAUFMAN (FBN 0771244)
Email: dfk@lgplaw.com
JESSICA B. REYES (FBN 56894)
Email: jbr@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626
*Counsel for Appellant, Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 25, 2016, I electronically filed the foregoing document with the Clerk using CM/ECF.

/s/ Laudy Luna Perez
LAUDY LUNA PEREZ (FBN 044544)
Email: llp@lgplaw.com

## CERTIFICATE OF COMPLIANCE WITH RULE 8015(a)(7)(B)

This Reply Brief complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8015 (a)(7)(B) because this brief contains 6263 words, excluding the parts of the brief exempted by Rule 8015(a)(7)(B)(iii).

Date: February 25, 2016

/s/ Laudy Luna Perez
LAUDY LUNA PEREZ (FBN 044544)
Email: llp@lgplaw.com