UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 15-23609-CIV-MORENO**

BANK OF AMERICA, N.A.,

      Appellant,

vs.

GENNY MARINO RODRIGUEZ,

      Appellee.

_____/

## ORDER DIRECTING BANKRUPTCY COURT TO REOPEN CASE AND COMPEL DEBTOR TO SURRENDER PROPERTY

This bankruptcy appeal stems from a homeowner's failure to pay her mortgage and her failure to comply with her stated intention to reaffirm the debt on her home. The Bankruptcy Code, 11 U.S.C. § 521(a)(2), requires debtors in Chapter 7 bankruptcy proceedings to file a statement of intention advising whether debtors intend to surrender property secured by debt, redeem the property, or reaffirm the debt. Genny Marino Rodriguez, the Appellee Debtor, opted to reaffirm the debt during her bankruptcy case. She never did. Instead, she continued living in her home without making payments after her bankruptcy discharge on May 7, 2012.

The Appellant Bank of America filed for foreclosure on September 23, 2013 — one year and four months after the bankruptcy discharge — and those proceedings are ongoing. On June 15, 2015, Bank of America moved to reopen Marino Rodriguez's bankruptcy case and to compel the surrender of her property. The bankruptcy court denied the motions and Bank of America has appealed. This Court finds the bankruptcy case should be reopened and Marino Rodriguez compelled to surrender the property given her failure to reaffirm her loan with Bank of America.

## I. Background

This is an appeal from a bankruptcy court order dated August 13, 2015 denying Appellant, Bank of America's Motion to Reopen Case and to Compel the Surrender of Appellee Debtor Genny Marino Rodriguez's property.  The issue on appeal is whether the bankruptcy court should have reopened the case and compelled Marino Rodriguez to surrender the home. The bankruptcy court denied the motion to reopen the case and the motion to compel the surrender of the property in its August 13, 2015 order, and subsequently denied rehearing in a September 14, 2015 order.

The relevant facts are as follows.  On January 26, 2012, Marino Rodriguez filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  As part of that filing on Schedule A, Marino Rodriguez listed her ownership interest in the real property located at 9980 Jamaica Drive, Florida 33189, which is encumbered by a secured claim in the amount of $236,153.49.  Marino Rodriguez listed on Schedule D of that filing that Appellant Bank of America was a secured creditor holding the admitted lien on the property in the same amount ($236,153.49).  Bank of America's claim was not disputed at the time of the 2012 bankruptcy proceeding.  In her Sworn Statement of Intention, filed in bankruptcy, Marino Rodriguez indicated that she elected to "*reaffirm*" the debt secured by the property.  Section 521(a)(2) of the Bankruptcy Code requires individual chapter 7 debtors like Marino Rodriguez to file a statement of intention stating whether, with respect to property securing debt, the debtor will surrender such property, redeem it, or reaffirm the debt. 11 U.S.C. § 521(a)(2)(A).  The code also requires the debtor to perform the stated intention within 30 days after the first date set for the meeting of creditors. 11 U.S.C. § 521(a)(2)(B).

2

The Bankruptcy Court entered a discharge order on May 7, 2012, and the proceeding was closed. Prior to entry of the discharge order under 11 U.S.C. § 727(b), Marino Rodriguez did not execute a reaffirmation agreement with Bank of America, nor did she redeem the property. It is Bank of America's contention that Marino Rodriguez never attempted to reach a reaffirmation agreement with it and that she has retained possession and title to the property, without making any payments since 2011.

A year and four months later, on September 23, 2013, Bank of America filed a foreclosure action against Marino Rodriguez seeking *in rem* relief as to the real property. Marino Rodriguez is defending the foreclosure action in state court, by raising affirmative defenses and conducting discovery. Bank of America claims that following the Bankruptcy Discharge Order, it attempted to negotiate with Marino Rodriguez, offering loan modifications. No agreement was reached.

The foreclosure proceeding is ongoing. On June 15, 2015, Bank of America filed the Motion to Reopen the Bankruptcy Case and Compel Surrender of Marino Rodriguez's real property at issue here. The Bankruptcy Court denied the motions and this appeal ensued.

## II.   Legal Standard

The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*. *In re: McLean*, 794 F.3d 1313, 1318 (11th Cir. 2015) (citing *Christopher v. Cox*, 493 F.3d 1336, 1340 n.9 (11th Cir. 2007)). Likewise, the standard of review for mixed questions of law and fact is *de novo*. *Id.*

## III.   Analysis

The issue in this appeal is whether the Bankruptcy Court erred in denying a motion to reopen a bankruptcy proceeding.

### A.  Motion to Reopen and Laches

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor or for other cause." 11 U.S.C. § 350(b); *see Mohorne v. Beal Bank, S.S.B.*, 419 B.R. 488, 493 (S.D. Fla. 2009) ("[T]he decision whether to reopen a bankruptcy case is within the sound discretion of the bankruptcy court."). "The ability to reopen a bankruptcy case is not a [sic] automatic right but instead is left to the sole discretion of the bankruptcy court on a case by case basis looking at the particular circumstances and equities of that specific case." *In re: Mohorne*, 404 B.R. 571, 576 (Bankr. S.D. Fla. 2009). The moving party bears the burden of establishing cause to reopen a bankruptcy case. *See In re Winburn*, 196 B.R. 894, 897 (Bankr. N.D. Fla. 1996).

### 1. Standard for Reopening a Closed Bankruptcy Proceeding and Laches

"When deciding whether to reopen a closed case, courts should generally consider the benefit to creditors, the benefit to the debtor, the prejudice to the affected party, and other equitable factors." *In re: Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011); *In re: Apex Oil Co., Inc.*, 406 F.3d 538, 542 (8th Cir. 2005) (holding it is within the bankruptcy court's discretion to reopen a case based on the particular circumstances and equities of each particular case). Courts also consider the availability of an alternative forum for relief and the length of time between the closing of a case and the motion to reopen. *Mohorne*, 419 B.R. at 493 (citing *In re: Apex Oil Co., Inc.*, 406 F.3d 538, 542-44 (8th Cir. 2005) ("The availability of relief in an alternative forum is a permissible factor on which to base a decision not to reopen a closed bankruptcy case.")). In addition, "the longer the time between the closing the estate and the motion to reopen, the more compelling the reason for reopening the estate should be." *In re: Case*, 937 F.2d 1014, 1018 (5th Cir. 1991).

An analysis of these factors favors reopening this bankruptcy case. Any prejudice to Marino Rodriguez in reopening this bankruptcy case is outweighed by the prejudice to Bank of America. Marino Rodriguez's failure to comply with her statutory duty under 11 U.S.C. § 521(a)(2)(B) by making payments or reaching a reaffirmation agreement with Bank of America, is compelling enough to warrant reopening this bankruptcy case. Moreover, the alternative forum, the state court foreclosure proceeding, has not resolved this issue in over three years. The bankruptcy proceeding gave rise to Marino Rodriguez's obligation to reaffirm this loan, and it is appropriate to reopen this case to finalize this issue.

In addition, the bankruptcy court's ruling that laches bars the reopening of this case does not apply as the debtor, Marino Rodriguez, has not been prejudiced by the delay. Laches bars relief when a party "unreasonably delays taking action and the affected party is prejudiced by the delay." *Arana*, 456 B.R. at 174. "[T]he mere lapse of time does not constitute prejudice, and '[a] court of equity must consider whether reopening a case would prejudice the adversary's position.'" *Id.* (quoting *In re:Stein*, 394 B.R. 13, 16 (Bankr. E.D.N.Y. 2008)). At issue is whether Marino Rodriguez was prejudiced as a result of the Bank's delay. She clearly was not. Bank of America has shown Marino Rodriguez enjoyed free use of her home for over four years. Under these circumstances, the Court cannot agree that laches applies as the affected party, Marino Rodriguez, has only benefited from the Bank's delay.

B. *Motion to Compel Surrender Property*

The Appellant contends that 11U.S.C. § 521(2) requires the debtor to surrender real property in a foreclosure action (rather than defend the foreclosure), when no reaffirmation agreement was reached by the parties in the bankruptcy case. That statutory provision states as follows:

The Debtor shall –

> (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate-

> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property, and, if applicable, specifying that such property is claimed as exempt, that the *debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property*; and

> (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph;

11U.S.C. § 521(a)(2) (emphasis added).   Reaffirmation requires the parties to reach a voluntary agreement where the debt is renegotiated or reaffirmed by both parties. 11 U.S.C. § 524(c). Redemption provides that a debtor may redeem property from a lien by paying the debtholder what is owed. *See generally*, 11 U.S.C. § 722.  Surrender provides that a debtor surrender the collateral to the lienholder, who then disposes of it pursuant to the requirements of state law. *In re: Taylor*, 3 F.3d 1512, 1514 n.2 (11th Cir. 1993).

*Taylor* is the Eleventh Circuit's seminal case in this area.   In that case, the Eleventh Circuit analyzed the plain language of 11 U.S.C. § 521(a)(2)(B) to determine whether the statute permits "a Chapter 7 debtor to retain the property without reaffirming or redeeming if he continues to perform according to the repayment provisions of the note and underlying contract." *Id.* at 1514.  The Eleventh Circuit found persuasive the reasoning of *In re: Horne*, 132 B.R. 661, 663 (Bankr. N.D. Ga. 1991), where the bankruptcy court stated: "Allowing retention of the property without reaffirmation or redemption would be tantamount to forcing the creditor into a *de facto* reaffirmation agreement with no recourse against the debtor . . . Furthermore, the debtors would have no incentive to keep the property in good condition or to continue making

6

payments if the value of the collateral declined below the amount of the debt or was destroyed. Such an arrangement is contrary to the language of the Code." *Taylor*, 3. F.3d at 1516 (quoting *In Re: Horne*, 132 B.R. at 663-664).

The Eleventh Circuit further reasoned that Congress intended the bankruptcy laws to provide a debtor a "fresh start" by allowing a debtor to retain exempt assets.  It added that "[a]llowing a debtor to retain property without reaffirming or redeeming gives the debtor not a 'fresh start' but a 'head start' since the debtor effectively converts his secured obligation from recourse to nonrecourse with no downside risk for failing to maintain or insure the lender's collateral." *Id.*  In *Taylor*, the Eleventh Circuit explicitly rejected the notion that the bankruptcy code allowed a debtor to "retain the property and to continue to make payments." *Id* at 1516 (rejecting *In re: Belanger*, 962 F.3d 345 (4th Cir. 1992)).

Following *Taylor*, bankruptcy courts reviewing motions to reopen and compel surrender of property have ruled in two opposing manners.  Some cases have found that a debtor's failure to reach a reaffirmation agreement is akin to agreeing to surrender the property in the state court foreclosure proceeding.  *In re: Steinberg*, 447 B.R. 355, 358 (Bankr. S.D. Fla. 2011) ("Under *Taylor*, a debtor unwilling to reaffirm and unable to pay off the mortgage obligation is required to indicate an intent to surrender the home and to tender the property to the mortgagee."). *See also In re: Faialla*, 529 B.R. 786, 789 (Bankr. S.D. Fla. 2014) ("Where the debtor decides not to reaffirm, or the parties cannot negotiate a reaffirmation, or redemption is not economically feasible, the debtor has but one option: 'surrender' the collateral.'") (quoting *In re: Plummer*, 513 B.R. 135, 141 (Bankr. M.D. Fla. 2014), relying on *In re: Pratt*, 462 F.3d 14, 19 (1st Cir. 2006)); *In re: Bartlett*, No. 10-BK-23758-MGW (D.E. No. 21, Bankr. M.D. Fla. 2015) (reopening bankruptcy proceeding and holding that debtors constructively surrendered the

subject property, as they failed to reaffirm or redeem the debt with the creditor in accordance with 11 U.S.C. § 521(a)(2) and *In re: Taylor*); *In re: Picciano*, No. 11-36787-PGH (D.E. No. 44, Bankr. S.D. Fla. 2015) (reopening bankruptcy proceeding and holding debtors are prohibited from retaining the property without an enforceable reaffirmation agreement or redemption of the property).

Other courts have denied injunctive relief and distinguished *Taylor*. *In re: Trussel*, No. 12-bk-10001-KSJ, 2015 Bankr. Lexis 681, *3,6 (Bankr. N.D. Fla. March 5, 2015) ("The Court. . . does not accept the legal conclusion that a debtor who cannot reach a reaffirmation agreement with a creditor automatically must surrender the property. . . . [T]he typical remedy for failure to comply with intent to reaffirm is not the injunctive relief Creditor seeks - an injunction compelling him to cease defending the state foreclosure case."); *see also In re: Elkouby*, No. 14-2393-LMI (D.E. No. 36 Bankr. S.D. Fla. 2016) (denying a motion to reopen and to compel surrender of property, where the debtor elected to surrender the property in the initial bankruptcy proceeding, but failed to comply). *Trussel* and *Elkouby* draw a distinction between personal property and real property, when deciding the remedy for a debtor's noncompliance with § 521(a)(2). In cases of real property, *Trussel* and *Elkouby* find the preferred remedy is to grant the creditor relief from the automatic stay, and not to compel surrender of the real property. *Id.*

This Court does not agree with *Trussel* and *Elkouby*'s remedy in cases of real property. Where the debtor has not reaffirmed her debt, redeemed her property, or paid her mortgage, she has one option, which is to surrender the property to the Bank. Allowing Marino Rodriguez to "retain her real property without reaffirming or redeeming her debt gives her a 'head start.'" *Taylor*, 3. F.3d at 1516. This holding is consistent with *Taylor*, where the Eleventh Circuit found surrender appropriate where a debtor elected to reaffirm the debt, but instead continued to make

payments under the original loan agreement.  *Taylor*, 3. F.3d at 1516.  This case is even more compelling than *Taylor* as Marino Rodriguez has enjoyed free use of her property since before she filed for bankruptcy in 2011.  Consistent with *Faialla, Bartlett, Steinberg,* and *Picciano*, this Court finds the proper remedy is compelling surrender.  Having found in favor of Bank of America, the Court remands this case to the bankruptcy court with instructions to compel surrender of Marino Rodriguez's real property.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of July 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record